## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM CODY MACKLIN,
                Appellant,

      v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
DA-0752-24-0075-I-1

DATE: May 26, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carl Dahms</u>, Oklahoma City, Oklahoma, for the appellant.

<u>Samuel Frank Lazzaro Jr.</u>, Esquire, <u>Bindi D. Kommuru</u>, Esquire, and <u>Brandon Roby</u>, Esquire, Fort Meade, Maryland, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that the agency proved the charge of conduct unbecoming a Federal employee, found that the agency established nexus, determined that the appellant did not prove his claim of harmful error, and upheld the removal penalty. On petition for review, the appellant asserts that the administrative judge erred in his harmful procedural error analysis and his evaluation of disparate penalties in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

penalty analysis. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant does not challenge the administrative judge's evaluation of the charge and nexus. Initial Appeal File (IAF), Tab 30, Initial Decision (ID) at 6-8. We affirm the initial decision in this regard.

Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). In the initial decision, the administrative judge determined that the agency committed a procedural error by failing to issue its notice of proposed removal or a notice of consideration of discipline within 45 days of November 22, 2022, as required by § 5.02 of the Master Labor Agreement. ID at 12-13. However, the administrative judge determined that the appellant did not identify how the agency's error was harmful. ID at 13-14. Indeed, the administrative judge acknowledged the

appellant's testimony that he would have stopped creating fake service desk tickets and fake customer email records in November 2022 if the agency had addressed the issue with him at that time. ID at 13. Even if this testimony was true, the administrative judge noted that the appellant did not explain how he was prejudiced by the delay such that it impacted the removal decision. *Id.* Indeed, the administrative judge noted, among other things, that the appellant's conduct was "admittedly intentional," so he could have decided to stop at any point, the "volume of fake records he created was entirely attributable to him," and his actions in accessing the ITSM+ system while on administrative leave to alter the fake email addresses occurred *after* he knew the agency had proposed to remove him. *Id.* Therefore, the administrative judge concluded that the appellant did not prove that the agency's delay in issuing the notice of proposed removal would have led to a different outcome. ID at 13-14.

On review, the appellant asserts that, if the agency had acted earlier, "the additional infractions would not have existed." PFR File, Tab 1 at 3. For the reasons discussed in the initial decision, we are not persuaded by this statement. However, even if we only consider the allegations that predated November 22, 2022, the appellant has not explained how a different outcome would have resulted. Specifications 1-6 address the appellant's misconduct from May through October 2022.[2] IAF, Tab 5 at 83. In these specifications alone, the agency charged the appellant with declining 1,370 customer service requests by phone and 7 requests by email, creating 27 fake customer email records ending with ".mom," and creating approximately 1,377 fake service desk tickets. *Id.* As noted in the initial decision, the appellant admitted to this misconduct. ID at 5; IAF, Tab 28 at 11. The appellant has not persuaded us that the agency would

---

[2] Because the administrative judge found that November 22, 2022, was the relevant date to trigger the 45-day timeframe in § 5.02 of the Master Labor Agreement, we have not considered the agency's allegations starting in November 2022 or thereafter. IAF, Tab 5 at 83.

have reached a different conclusion based only on the allegations from May to October 2022, and thus, he has not proven his claim of harmful procedural error.

The administrative judge also discussed disparate penalties in his evaluation of the penalty. ID at 11. In pertinent part, the administrative judge noted that the appellant's coworker also created fake customer email addresses and tickets after being taught how to do so by the appellant. *Id.* The administrative judge noted that, in contrast to the appellant, the coworker made far fewer fake tickets and did not access the ITSM+ system while on administrative leave to alter her fake records. *Id.*; IAF, Tab 28 at 13-27. Given these differences in severity and type of misconduct, the administrative judge found that the deciding official reasonably determined that there were no employees with the same or similar charges and circumstances. *Id.* (citing *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13). Even assuming that the coworker's conduct was like the appellant's, the administrative judge found that the difference in penalties did not require the agency to impose a more lenient penalty. *Id.* (citing *Singh*, 2022 MSPB 15, ¶ 18).

On review, the appellant asserts that the administrative judge "rendered his decision based on the fact that the appellant . . . had more infractions than the other employee who was suspended." PFR File, Tab 1 at 3. He appears to assert that, had the agency addressed these issues with him in November 2022, he would have been treated the same as the other employee, i.e., he would have received a suspension. *Id.* This assertion is not persuasive.

The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The administrative judge discussed the deciding official's consideration of numerous relevant penalty factors, including the nature and seriousness of the offense and its relation to the employee's duties, the agency's table of penalties, mitigating factors, rehabilitative potential, and, as

relevant here, the consistency of the penalty with those imposed upon other employees for the same or similar offenses. ID at 8-11.

We discern no error with the administrative judge's analysis of disparate penalties. In *Singh*, 2022 MSPB 15, ¶ 14, the Board held that, in assessing disparate penalties, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. Here, the record reflects that the coworker engaged in considerably less misconduct than the appellant[3] and, unlike the appellant, she did not alter any records while on administrative leave following her receipt of the notice of proposed removal. *Compare* IAF, Tab 5 at 82-108, *with* IAF, Tab 28 at 13-27. Thus, the agency was justified in treating the appellant and the coworker differently.[4] However, even if we determined that the sustained misconduct between the appellant and the coworker was comparable, a different outcome is not warranted. The Board has held that there will often be a range of penalties that fall within the tolerable limits of reasonableness in any given case, and the fact that the agency chooses to impose a penalty at the more lenient end of that range in one case should not mean that it cannot impose a penalty at the more severe end of that range in another case. *Singh*, 2022 MSPB 15, ¶ 18. We discern no error with the administrative judge's penalty analysis or his conclusion that the removal penalty was reasonable for the sustained misconduct.

---

[3] The record reflects that, on May 2, 2023, the agency proposed to remove the coworker based on six specifications of conduct unbecoming, involving allegations that the coworker created 38 false email records and 83 false service tech desk tickets between September 2022 and February 2023. IAF, Tab 28 at 22-26.

[4] Even if we only considered the appellant's misconduct from May to October 2022, as discussed above, the coworker still engaged in considerably less misconduct.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        *Gina K. Grippando*

                                              _____
                                              Gina K. Grippando
                                              Clerk of the Board

Washington, D.C.